IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 3:03cr63-MHT |
| | ) | (WO) |
| WENDALL JEFFERSON | ) | |

OPINION AND ORDER

In 2004, defendant Wendall Jefferson pled guilty to
six counts: two for drug possession with intent to
distribute, one involving powder cocaine
("powder-cocaine-possession") and the other involving
crack cocaine ("crack-cocaine-possession"); two for
being a felon in possession of a firearm
("felon-in-possession"); and two for possession of a
firearm in furtherance of a drug-trafficking crime
("firearm-in-furtherance").   He was sentenced to a
total of 438 months incarceration, or more than 36
years.

After the First Step Act Screening Panel was unable
to come to a decision about whether Jefferson was now
eligible for a reduced sentence, this court appointed

counsel for Jefferson and ordered briefing on Jefferson's *pro se* motion for a sentence reduction under the First Step Act, Pub. L. 115-391, 132 Stat. 5194. *See* Order (doc. no. 121).[1] That briefing is now complete. Jefferson and the government agree that he is eligible for relief under the First Step Act. *See* Gov't's Response (doc. no. 129) at 1; Def.'s Reply (doc. no. 130) at 1. But Jefferson and the government disagree about both whether this court *should* grant relief as well as *the extent* of possible relief.

―――――――――――――――

1. The court also ordered briefing on Jefferson's entitlement to a reduction of sentence under Amendment 782 to the United States Sentencing Guidelines, which reduced the offense level for certain drug offenses by two. However, both parties agree that, if the court finds that Jefferson is eligible to be resentenced under the First Step Act, the Amendment 782 motion is likely to be moot. *See* Gov't's Response (doc. no. 129) at 10; Def.'s Reply (doc. no. 130) at 7. As a result, because the parties agree, and the court finds, that Jefferson is eligible to be resentenced under the First Step Act, the court will hold the Amendment 782 motion in abeyance.

2

The government contends that any relief should be limited to Jefferson's crack-cocaine-possession conviction, although it believes that no relief is warranted. *See* Gov't's Response (doc. no. 129) at 1-3 § II.A. Jefferson contends that relief is warranted not only as to this conviction but also that any relief should extend to his "second or subsequent" firearm-in-furtherance convictions. *See* Def.'s Response (doc. no. 126) at 11-17 § I.B.

For the reasons that follow, the court will set a hearing to reconsider the package of concurrent sentences it imposed that included Jefferson's crack-cocaine-possession conviction. However, the court cannot reconsider the enhanced penalty it imposed for firearm-in-furtherance convictions, despite the "great injustice" of the sentence. *United States v. Jefferson*, 302 F. Supp. 2d 1295, 1302 (M.D. Ala. 2004) (setting forth the court's views on the sentence).

3

## I.   PROCEDURAL HISTORY

In March 2004, Jefferson pled guilty, as stated, to six counts: a powder-cocaine-possession one pursuant to 21 U.S.C. § 841; a crack-cocaine-possession one pursuant to the same; two felon-in-possession ones pursuant to 18 U.S.C. § 922(g); and two firearm-in-furtherance ones pursuant to 18 U.S.C. § 924(c). *See* Judgment (doc. no. 61) at 1-2; *see also generally* Plea Agreement (doc. no. 41) at 4 ¶ 1.A (Jefferson agreeing to plead guilty in exchange for the government not indicting his wife).

At sentencing, Jefferson's four counts for drug possession with intent to distribute and felon-in-possession were grouped together for the purpose of calculating the recommended sentence under the United States Sentencing Guidelines, but the two counts for firearm-in-furtherance were treated separately.

**4**

## B. Four Counts for Drug Possession and Felon-in-Possession

Under the Sentencing Guidelines, Jefferson's four counts for drug possession and felon-in-possession were grouped together because the violations involved the same victim and the same act or transaction. *See* U.S. Sentencing Guidelines Manual (hereafter "U.S.S.G.") § 3D1.2(a) (U.S. Sentencing Comm'n 2018); *see also* Presentence Investigation Report (hereafter "PSR") (doc. no. 97) at 7 ¶ 23. Per these guidelines, the court determined the appropriate total punishment and imposed that total punishment on each grouped count, running the sentences on all grouped counts concurrently with the others. *See* U.S.S.G. § 5G1.2(b)-(c). As relevant here, the court ultimately imposed a concurrent sentence for the four grouped counts. *See* Judgment (doc. no. 61) at 3.

5

A.   "Stacked" Firearm-in-Furtherance Counts

The Sentencing Guidelines treated the two counts for firearm-in-furtherance separately because the statute for those counts mandated the imposition of consecutive sentences.   *See*   U.S.S.G. § 3D1.1(b)(1) (procedure for determining offense level on multiple counts); *see also* PSR (doc. no. 97) at 7 ¶ 24 (applying this guideline).   Jefferson faced a statutory minimum sentence of 60 months (five years) for the first firearm-in-furtherance count and a statutory minimum sentence of 300 months (25 years) for the second or "stacked" firearm-in-furtherance count.   *See* 18 U.S.C. § 924(c)(1) (version effective Dec. 9, 2003, to Sept. 12, 2004).   The court ultimately imposed the mandatory minimum for each of the two counts, for a total consecutive sentence of 30 years' imprisonment. *See* Judgment (doc. no. 61) at 3; *see also Jefferson*,

302    F.    Supp.    2d    at    1303    (explaining firearm-in-furtherance sentence).


## II. DISCUSSION

As explained below, the parties agree that Jefferson is eligible for retroactive relief as to his crack-cocaine-possession conviction under the First Step Act.  *See* Gov't's Response (doc. no. 129) at 1; Def.'s Reply (doc. no. 130) at 1.  The parties further agree that the First Step Act's firearm-in-furtherance reform does not apply retroactively.  *See* Gov't's Response (doc. no. 129) at 3; Def.'s Reply (doc. no. 130) at 4.  However, the parties disagree about (1) whether this court should grant relief as to the sentences for the four grouped counts, including the crack-cocaine-possession count; and (2) whether the court may grant a relief on the sentences for the non-grouped two firearm-in-furtherance counts.  For the

reasons that follow, the court will set a hearing to reconsider the concurrent sentences previously imposed for the four grouped counts, including the crack-cocaine-possession count. However, the court will not reconsider the consecutive sentences independently imposed for the two firearm-in-furtherance counts.

### A.   Crack Cocaine Re-Sentencing

After Jefferson was sentenced in 2004, Congress reduced the penalties for crack cocaine with the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. However, because a district court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c), Jefferson did not benefit from the Fair Sentencing Act reform when it was passed.

8

Nonetheless, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* at § 3582(c)(1)(B). In 2018, the First Step Act explicitly made the Fair Sentencing Act reform retroactive. *See United States v. Jones*, 962 F.3d 1290, ---, 2020 WL 3248113, at *5 (11th Cir. 2020) (holding that the First Step Act expressly permits resentencing under § 3582(c)(1)(B)). Thus, a court "that imposed a sentence for a *covered offense* may ... [now] impose a reduced sentence as if section[] 2 ... of the Fair Sentencing Act of 2010 ... [was] in effect at the time the covered offense was committed." First Step Act § 404(b) (emphasis added). A "covered offense" includes an offense for which "the statutory penalties were modified by section 2 ... of the Fair Sentencing Act." *Id.* at § 404(a).

The parties agree that Jefferson's crack-cocaine-posession conviction is a covered offense

9

and that Jefferson is thus eligible for relief under the First Step Act. *See* Gov't's Response (doc. no. 129) at 1.

However, the government argues that "Jefferson is not a good candidate for relief under the First Step Act" for the principal reason that he was given the same sentence for the crack-cocaine-possession count in question as he was given for the other grouped counts, which were "not affected by the Act." *See* id. at 2-3. This argument, however, misunderstands the framework of the Sentencing Guidelines. The reason that the sentences for the crack-cocaine-possession count, powder-cocaine-possession count, and two felon-in-possession counts are all the same, and are all run concurrently with each other, is because they are formally grouped together. There is one composite Guidelines sentence for these four counts. As a result, the fact that Jefferson was given the same

sentence for other counts does not counsel against relief. In fact, under the sentencing-package doctrine, it is precisely *because* Jefferson received the same sentence for each grouped count that the court will reconsider the sentence for the entire set of four grouped counts. *See United States v. Fowler*, 749 F.3d 1010, 1014-16 (11th Cir. 2014) (discussing the sentencing-package doctrine); *see also Pepper v. United States*, 562 U.S. 476, 507 (2011) (same).

A recent, albeit unpublished, panel opinion from the Eleventh Circuit Court of Appeals confirms this reading of the sentencing-package doctrine. In *United States v. Pubien*, 805 F. App'x 727 (11th Cir. 2020), a panel held that the district court had the discretion under the First Step Act to reduce a defendant's sentence for a crack cocaine conviction. The panel also held that the district court "was not authorized ... to reduce the sentences imposed for any of [the

11

defendant's] remaining convictions ... because the sentences imposed for those convictions ... were not modified by ... the Fair Sentencing Act." *Id* at 730. However, the panel made clear that this was because "[t]he sentencing-package doctrine has no place here ... where the original sentence imposed was not a package of interconnected sanctions." *Id*. at 731. Here, in contrast, the original sentence *was* "a package of interconnected sanctions." *Id*. Thus, the sentencing-package doctrine does apply, and Jefferson may be resentenced on all of the grouped counts based on the current version of the Guidelines. *Id*.

## B. Firearm-in-Furtherance Resentencing

At the time Jefferson was sentenced, a "second or subsequent" firearm-in-furtherance conviction triggered an enhanced penalty. *See* 18 U.S.C. § 924(c)(1) (version effective Dec. 9, 2003, to Sept. 12, 2004).

Because the United States Supreme Court interpreted the statute to mean that the first firearm-in-furtherance conviction did not need to become final before sentencing for a second firearm-in-furtherance conviction to trigger the enhanced penalty, *see United States v. Deal*, 508 U.S. 129 (1993), Jefferson was subject to the enhancement even though his firearm-in-furtherance violations "were committed *simultaneously*." *Jefferson*, 302 F. Supp. 2d at 1297 (emphasis added) (describing the facts and concluding that *Deal* requires such an application).

Congress addressed this issue in the First Step Act by striking the phrase "second or subsequent conviction" and inserting the phrase "violation ... that occurs after a prior conviction ... has become final." First Step Act § 403(a). As a result, had Jefferson been sentenced on or after December 21, 2018, the effective date of the statute, he would have faced

13

a consecutive mandatory minimum sentence of 60 months'

(five years') imprisonment on the second

firearm-in-furtherance conviction, rather than 300

months (25 years).  This would have given him a total

consecutive sentence of 10 years' imprisonment, rather

than 30 years.

The First Step Act, however, did not make its

firearm-in-furtherance reform retroactive.  Instead,

Congress inserted the following:

> "APPLICABILITY TO PENDING CASES.--This section,
> and the amendments made by this section, shall
> apply to any offense that was committed before
> the date of enactment of this Act, *if a
> sentence for the offense has not been imposed
> as of such date of enactment*."

First Step Act § 401(c) (emphasis added).

Both Jefferson and the government agree that

Congress's reform of the enhanced

firearm-in-furtherance penalty does not apply

retroactively.  *See* Gov't's Response (doc. no. 129) at

14

3; Def.'s Reply (doc. no. 130) at 4. However, Jefferson contends that, "if this court conducts a *full* resentencing as to all counts at any point *after* the effective date of the First Step Act, then it is consistent with the plain language of [the applicable sub-section] for the court to eliminate the [enhanced firearm-in-furtherance] penalt[y]." Def.'s Reply (doc. no. 130) at 5 (emphasis on "full" added; emphasis on "after" in original). That is because, according to Jefferson, "the First Step Act may be applied to those who *committed* their [firearm-in-furtherance] offenses prior to December 21, 2018, so long as they were *sentenced* after that date." Def.'s Reply (doc. no. 130) at 5 (emphasis in original). In short, in Jefferson's view, this court's resentencing as to any count resets the sentencing date as to all counts.

The government responds that Jefferson is not eligible for resentencing on his firearm-in-furtherance

15

convictions under the First Step Act, regardless of whether he is resentenced on any other count. As the government argues, while Congress included a retroactivity provision in the crack-cocaine portion of the First Step Act, it did not do so with respect to the firearm-in-furtherance reform.

This textual argument is persuasive. It goes like this: a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, "the court may modify an imposed term of imprisonment to the extent ... *expressly permitted* by statute." *Id*. at § 3582(c)(1)(B) (emphasis added). The First Step Act is such a statute. Under the First Step Act, a court may "impose a reduced sentence *as if* section[] 2 ... of the Fair Sentencing Act of 2010 ... [was] in effect at the time the covered offense was committed." First Step Act § 404(b) (emphasis added). Because of courts'

16

limited ability to modify a statute except as expressly permitted, it follows that the court does not have power to take into account any other changes in law since the offense was committed.  Thus, the court could not take into account Congress's reform of the enhanced firearm-in-furtherance penalty.

The government cites a recent, albeit unpublished, panel opinion from the Eleventh Circuit Court of Appeals that reasons similarly.  In *United States v. Carter*, 792 F. App'x 660 (11th Cir. 2019), a panel reasoned that "[t]he First Step Act's instruction that courts 'impose a reduced sentence as if ... the Fair Sentencing Act ... were in effect at the time the covered offense was committed' implies that Congress has expressly permitted courts to retroactively apply *only* the Fair Sentencing Act to defendants who qualify, while otherwise considering their sentence against the backdrop of the legal landscape at the time of their

17

offense." *Id*. at 663. (emphasis added). As the court noted, the language of the First Step Act "does not expressly provide for the retroactive application of other changes in law," such as the modification of the enhanced firearm-in-furtherance penalty. *Id*. at 663-64. Rather, "[t]he statute's express statement that sections 2 and 3 of the Fair Sentencing Act are to be applied retroactively indicates that Congress did not intend that other changes in law should similarly be applied as if they were in effect at the time of the offense." *Id*. at 664.

Another panel of the Eleventh Circuit has expressed a similar interpretation. *See Pubien*, 805 F. App'x at 730 ("The district court was not authorized, however, to reduce the sentences imposed for any of Pubien's remaining convictions ... because the sentences imposed for those convictions ... were not modified by ...the Fair Sentencing Act.").

18

Several districts courts in the Eleventh Circuit have also come to the same conclusion. *See, e.g.*, *United States v. Potts*, 2019 WL 1059837 (S.D. Fla. Mar. 6, 2019) (Rosenberg, J.); *United States v. Glover*, 377 F. Supp. 3d 1346 (S.D. Fla. 2019) (Lenard, J.); *United States v. Razz*, 379 F. Supp. 3d 1309 (S.D. Fla. 2019) (Lenard, J.), *order amended on denial of reconsideration*, 387 F. Supp. 3d 1397 (S.D. Fla. 2019).

For the same reasons, this court agrees.


## III. HEARING

Jefferson argues that this court should exercise its discretion to grant him relief based on the evidence to be introduced at a hearing, including evidence of post-sentencing rehabilitation. The court agrees. The court will thus hold a sentencing hearing to determine how much, if at all, to reduce Jefferson's sentence on the four grouped counts. During that

19

hearing, the court will consider the sentencing factors set forth at 18 U.S.C. § 3553(a), including evidence of post-sentencing rehabilitation. *See United States v. Wilson*, No. 09-cr-173   (M.D. Ala. August 5, 2020) (Thompson, J.) (providing authority for this).

**\*\*\***

Accordingly, it is ORDERED that a resentencing hearing for defendant Wendall Jefferson will be set at such a time as is appropriate in light of the current outbreak of the Coronavirus Disease (COVID-19) and the rapidly evolving threat to health and safety. *See generally* In Re: Court Operations Under Exigent Circumstances, Civil Misc. No. 2:20-mc-3910. The hearing will be reset after the court has conferred with counsel for the parties about the details.

DONE, this the 6th day of August, 2020.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

20