IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )        3:03cr63-MHT
                            )            (WO)
WENDALL JEFFERSON           )
```

OPINION AND ORDER

This case is before the court on defendant Wendall Jefferson's motion for early termination of supervised release. Neither government counsel nor the supervising probation officer opposes the motion. A hearing was held on August 31, 2023.

In 2004, Jefferson pled guilty to six counts: two for drug possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1); two for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and two for possession of a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

At sentencing, Jefferson's four counts for drug possession and firearm possession were grouped for purposes of calculating the recommended sentence; the other two

counts were treated separately.  This court explained that, because Jefferson's two convictions under 18 U.S.C. § 922(g) were subsequent to one another, an enhanced sentence was required.  *See United States v. Jefferson*, 302 F. Supp. 2d 1295, 1298 (M.D. Ala. 2004) (Thompson, J.). This meant consecutive sentences of 60 months and 300 months--a total sentence of 30 years for those counts alone.  In all, Jefferson was sentenced to 438 months incarceration, or more than 36 years.  This court remarked that, though required by law, "the sentence it must give Jefferson is unjust."  *Id.* at 1302.

Fourteen years later, Jefferson filed a motion for relief under the First Step Act.  *See* Motion for Reduction of Sentence (Doc. 111).  The parties agreed that Jefferson was eligible for retroactive relief under the First Step Act as to one count of drug possession.  In an opinion issued in August 2020, this court concluded that it could reconsider the package of concurrent sentences that it imposed for the four grouped counts.  *See United States v.*

2

*Jefferson*, No. 3:03cr63-MHT, 2020 WL 4530470 (M.D. Ala. Aug. 6, 2020) (Thompson, J.).

The court subsequently resentenced Jefferson to time served: 218 months and 29 days. Jefferson was placed on supervised release for four years. The court promised to terminate Jefferson's supervision if he could go two years without using drugs, failing to report to his probation officer, or otherwise violating the conditions of his release. Transcript of Sentencing Hearing Proceedings (Doc. 174) at 10.

As reflected in his motion for early termination of supervised release, along with the attached exhibits, and at a hearing before this court, Jefferson has strictly complied with the conditions of his release over the past two years. His drug tests have consistently come back negative, and he has completed court-ordered therapy. His therapist observes that since leaving federal custody, Jefferson "has been involved in appropriate relationships, maintained a healthy lifestyle and set up daily routines

3

that have shown to be effective for him." Defendant's Exhibit 7 (Doc. 179-6) at 2.

Beyond staying out of legal trouble, Jefferson has exhibited a praiseworthy commitment to service. Among his accomplishments are founding a tutoring business, volunteering in an elementary school, and supporting families in need during the holidays. The school officials who work with Jefferson laud his ability to help students succeed academically and build social skills. School officials report that students tutored by Jefferson receive fewer counseling referrals. Defendant's Exhibit 3 (Doc. 179-2); *see also* Defendant's Exhibit 2 (Doc. 179-1). Jefferson's commitment to education and mentorship builds on the rehabilitation opportunities he availed himself of while in federal custody, where he earned a teacher's aide certificate and tutored his fellow inmates.

At the August 31 hearing, Jefferson received commendation from his attorney, government counsel, and

4

the supervising probation officer for his success upon release.

Having reviewed the entire record, including Jefferson's exemplary conduct in prison and during two years of supervised released, the court is convinced that Jefferson no longer requires federal supervision and has earned the opportunity to live on his own.

***

Accordingly, it is ORDERED that:

(1) Defendant Wendall Jefferson's motion for early termination of supervised release (Doc. 175 and Doc. 177) is granted.

(2) Defendant Jefferson's term of supervised release is terminated effective immediately and he is discharged.

DONE, this the 31st day of August, 2023.

                         /s/ Myron H. Thompson
                         **UNITED STATES DISTRICT JUDGE**